UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
GLANZER & CO., LLC,

                Plaintiff,

- against -

AIRLINE PILOTS ASSOCIATION,
INTERNATIONAL,

                Defendant.
----------------------------------------------------X

**MEMORANDUM & ORDER**
08-CV-4495 (RRM)(RLM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 11 2011 ★
BROOKLYN OFFICE

**MAUSKOPF, United States District Judge.**

Plaintiff Glanzer & Co., LLC, ("Plaintiff" or "Glanzer"), brings this action against Airline Pilots Association, International ("Defendant" or "ALPA"). Glanzer claims that ALPA breached an agreement between the parties. Both Plaintiff and Defendant have moved for summary judgment. Because jurisdiction is lacking due to a lack of complete diversity of the parties, this case is dismissed without prejudice.

## BACKGROUND

ALPA is a labor union that represents pilots employed by various airlines. (Def. Statement of Undisputed Material Facts ("Def. St.") ¶ 1.) ALPA's members reside in New York and elsewhere. (*Id.* at ¶ 2.) Glanzer provided financial and investment banking services to ALPA pursuant to various agreements between the parties. (*Id.* at ¶ 3.) Both Glanzer and its principal, Michael Glanzer, reside in New York. (*Id.* at ¶ 3.)

## DISCUSSION

Plaintiff bears the burden of demonstrating complete diversity. *Makaraova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Diversity jurisdiction requires that Glanzer and ALPA be "citizens of different States." 28 U.S.C. § 1332(a)(1). As a limited liability company whose

sole member and principal resides in New York, Glanzer is a citizen of New York. *Handelsman v. Bedford Vill. Assocs. Ltd.*, 213 F.3d 48, 51-52 (2d Cir. 2000) (LLC has citizenship of its members). ALPA, a labor union and unincorporated association, is considered a citizen of each state in which its members reside for diversity purposes. *United Steelworkers of Am. v. R.H. Bouligny, Inc.*, 382 U.S. 145, 146-47 (1965); *UFCW Union, Local 919 v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994). ALPA is therefore also a citizen of New York for jurisdictional purposes.

The declaration of ALPA's most senior staff official responsible for business operations is sufficient to show that members of ALPA reside in New York. (Johnson Decl. ¶ 3.) Glanzer argues that ALPA did not set forth sufficiently specific allegations to establish New York citizenship, although Glanzer offers no evidence to refute ALPA's assertion to that effect. Glanzer bears the burden of demonstrating complete diversity.

Where the injury at issue in a case is a "particularized one" affecting a local union, a court may restrict the scope of a union's citizenship for purposes of diversity jurisdiction. *Centermark*, 30 F.3d at 302 (quoting *Loss v. Blankenship*, 673 F.2d 942, 949 (7th Cir. 1982)). Glanzer argues that diversity jurisdiction is proper in this case because the harm is "particularized" to citizens of states other than New York. However, Glanzer fails to qualify for an exception from the general rule of complete diversity in this case. In both *Centermark* and *Loss*, the issues presented involved only local unions, which were named parties in the respective litigations. *Id.* In this case, Glanzer seeks relief only from ALPA, the international union. Further, Glanzer and ALPA are the sole parties to the agreements serving as the basis for this

2

suit. Last, the monetary relief sought by Glazner would affect the international union, and would not result in "particularized" harm to a local union.[1]

The general rule for unincorporated associations applies in this case, and the citizenship of ALPA's members is determinative for diversity purposes. *Cf. USW v. ConocoPhillips Co.*, No. CV-08-2068, 2009 WL 1652975, at *2 (C.D. Cal. June 11, 2009) (refusing to apply *Centermark* where the international union, rather than a local union, was the named party in the action). Because Glanzer has failed to show that ALPA has no members who are New York citizens for the purpose of diversity jurisdiction, Glanzer has not established that complete diversity exists.

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this dispute. The Court therefore grants ALPA's Motion. This case is hereby DISMISSED without prejudice, and the Clerk of Court is directed to close the file.

SO ORDERED.

Dated: Brooklyn, New York
March 10, 2011

s/Roslynn R. Mauskopf
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Glanzer also cites *N.A.A.C.P. v. Acusport Corp.*, 210 F.R.D. 446 (E.D.N.Y. 2002), in which the NAACP sought injunctive relief against a gun manufacturer on behalf of its members. The court in that case asserted diversity jurisdiction between a defendant who was not a citizen of New York and the NAACP, an organization with members in every state, by "[l]imiting the case to harm suffered by New York members and by the NAACP in its operations and activities in New York." *Id.* at 462. *N.A.A.C.P.* does not address the distinction between a local and national union at issue in this case. *Id.* Further, unlike Plaintiffs in *N.A.A.C.P.*, the relief sought here is monetary, not injunctive, and such relief will undoubtedly directly affect the international union. As such, *N.A.A.C.P.* is inapplicable.

3